Citation Nr: 1532775 
Decision Date: 07/31/15 Archive Date: 08/05/15

DOCKET NO. 13-13 772 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUES

1. Entitlement to a disability rating in excess of 20 percent for a low back disability.

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse

ATTORNEY FOR THE BOARD

J. Juliano, Counsel


INTRODUCTION

The Veteran served on active duty from August 1947 to July 1948.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a February 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Chicago, Illinois, that denied entitlement to a disability rating in excess of 20 percent for the Veteran's low back disability.

The issue of entitlement to a TDIU is also on appeal as part and parcel to the increased rating claim. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009).

In March 2014, the Veteran testified at a videoconference Board hearing before the undersigned Veterans Law Judge. A transcript of the proceeding has been associated with the claims file.

In April 2014, the Board remanded the Veteran's claim for further development. This matter is now returned to the Board for further review.

The Board has not only reviewed the Veteran's physical claims file, but also the electronic records maintained in Virtual VA and VBMS to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). See 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the agency of original jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

The Veteran's low back disability is currently assigned a 20 percent disability rating under diagnostic code 5242, effective October 15, 2005. See 38 C.F.R. § 4.71a (2014). The Veteran seeks an increased rating. See Claim, November 2010. The Veteran also seeks entitlement to a TDIU. See Form 21-8940, November 2014.

By way of background, the Veteran is presently service connected for disabilities as follows: low back arthritis (20 percent); left knee arthritis post-t.k.a. (30 percent); right knee DJD post t.k.a. (30 percent); right shoulder arthritis (10 percent prior to June 9, 2015, 20 percent thereafter); and left shoulder arthritis (10 percent prior to June 9, 2015, 20 percent thereafter). His combined rating was 70 percent from July 1, 2009, and 80 percent from June 9, 2015. Because his combined rating has been at least 70 percent, and because all of his orthopedic disabilities combine to at least 40 percent, the schedular criteria for a TDIU have certainly been met. See 38 C.F.R. § 4.16 (2014) (for purposes of one 40 percent disability, "disabilities affecting a single body system, e.g., orthopedic" will be combined).

In April 2014, the Board remanded the Veteran's low back rating claim so that he could be afforded a new VA examination because he had alleged worsening. The Board also directed that the Veteran be afforded a VA examination relating to his TDIU claim.

The Veteran was subsequently provided a September 2014 VA examination relating to his low back, and June 2015 VA examinations relating to his knees and shoulders, all by the same VA examiner. The VA examiner opined that the Veteran's disabilities had no effect on his ability to work or perform occupational tasks, but provided no reasoning. Therefore, regrettably, the Board finds that these matters should be remanded to afford the Veteran a new VA examination relating to his low back increased rating claim and his TDIU claim, including to address the effect of all of the Veteran's service connected disabilities - including his low back, knees, and shoulders - on his ability to perform occupational tasks in a worklike setting.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Afford the Veteran a new VA examination to address the current severity of his service-connected low back disability. Examination of his right and left knee disabilities, and right and left shoulder disabilities, should also be performed for purposes of his claim for a TDIU. The claims folder must be made available to the examiner and pertinent documents therein should be reviewed by the examiner. All necessary tests and studies should be accomplished, and all clinical findings should be reported in detail.

The examiner should specifically address whether the Veteran's low back disability is manifested by ankylosis, favorable or unfavorable, or by incapacitating episodes requiring bed rest prescribed by a physician and treatment by a physician, and whether the Veteran experiences any neurological abnormalities (including, but not limited to, bowel or bladder impairment) as a result of his low back disability. 

The examiner should comment as to whether the Veteran's low back, knees, and shoulders exhibit weakened movement, excess fatigability, incoordination, or pain on use attributable to his service-connected disability. If so, the examiner should note the additional functional limitation resulting therefrom, including any additional degrees of limitation of motion. If the examiner is unable to specify the additional functional limitation in terms of additional loss of motion, this should be noted and explained.

Also, if flare-ups are noted, the examiner should note any additional functional limitation resulting from flare-ups, including any additional degrees of limitation of motion. If the examiner is unable to specify the additional functional limitation in terms of additional loss of motion, this should be noted and explained.

The examiner should also address the effect of the Veteran's low back, right and left knee, and right and left shoulder disabilities, on his activities of daily living and his ability to perform occupational tasks in a worklike setting. Please note that if no effect is found, a rationale is required so as to avoid further remand.

2. Then, readjudicate the Veteran's claims. If the claim remain denied, the Veteran should be provided a Supplemental Statement of the Case (SSOC). After the Veteran and his representative have been given the applicable time to submit additional argument, the case should be returned to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).